# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MARTIN RICHARDS,
ADC #148155                                                                                          PLAINTIFF

v.                                        4:10-cv-00245-BRW-JTK

LPN LUMPKIN, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## DISPOSITION

**I.    Introduction**

Plaintiff Martin Richards is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against Defendants, alleging deliberate indifference to his serious medical needs from January to April, 2010, while incarcerated at the Faulkner County Detention Center. Plaintiff asks for damages from Defendants.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held a Pre-Jury Evidentiary Hearing on March 8, 2011, to determine whether this case should proceed to a jury trial before the Honorable Billy Roy Wilson, United States District Judge. Pursuant to the standard set forth in Johnson v. Bi-State Justice Center, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the March 8, 2011 hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. Id. at 135-6. Viewing the evidence

presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Id., quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-2 (1986). Based upon the evidence introduced at the Pre-Jury Evidentiary Hearing, the Undersigned makes the following Recommendation with regard to findings and disposition.[1]

## II. Factual Findings

1. Plaintiff is currently incarcerated at the Grimes Unit of the ADC and filed this action on April 10, 2010, while incarcerated as a pretrial detainee at the Faulkner County Detention Center.

2. Plaintiff broke out with a rash in January, 2010, and was examined by Defendant Dr. Stewart who found no allergic reaction. Plaintiff returned to the doctor on February 25, 2010, at which time Defendant Stewart diagnosed him with acne and prescribed medications. A month later, when Plaintiff's "bumps" became worse, he returned to the Defendant and received the same diagnosis and treatment. Five days after that, Plaintiff's bumps became red and blistered and an officer at the Jail told him he had shingles. Plaintiff submitted a sick call request on March 30, 2010, and saw Defendant Stewart on April 8, 2010. At that visit, Stewart diagnosed him with shingles and prescribed him an ointment and Tramadol for pain. The rash began to clear up within four-five days.

3. Plaintiff alleges he suffered much pain during the time he was not properly diagnosed

by Defendant Stewart. He also alleges Defendant Lumpkin was responsible for ensuring that he

---

[1] The Court also considered the additional documents submitted by the Plaintiff following the conclusion of the Hearing. (Doc. Nos. 74-75).


received all medications as prescribed, and that she failed to obtain a prescription for Ranitidine for him, which was prescribed for his stomach problems. Plaintiff filed numerous complaints about not receiving his medications.

4.   Plaintiff also complained at the Hearing about Defendant Lumpkin's failure to schedule an appointment for Plaintiff to be treated at a Little Rock clinic for an autoimmune deficiency with which he was diagnosed after the shingles episode. He also complained about Defendant Stewart's failure to adequately treat him for a toothache for four to five months. His tooth was extracted when he was transferred to the ADC in late October or early November, 2010. These two allegations were not included in Plaintiff's Complaint (Doc. No. 2).

### III.   Conclusions of Law

1.   Since Plaintiff was a pretrial detainee at the time of the incident at issue, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1976). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). In order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that defendants were deliberately indifferent; that is, that the defendants knew of, and yet disregarded, an excessive risk of harm to his health and safety. Farmer v. Brennan, 114 S.Ct. 1970 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.

Case 4:10-cv-00245-BRW   Document 77   Filed 04/06/11   Page 5 of 6

1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

2.	Plaintiff's allegations against Defendant Stewart, based on the inappropriate diagnosis of his rash, fail to support a claim of deliberate indifference.  Plaintiff does not allege conduct by Stewart to support a finding that he knew of and disregarded an excessive risk of harm to Plaintiff's health and safety.  Based on Plaintiff's allegations and testimony, Defendant's conduct amounted to no more than gross negligence in initially failing to properly diagnose Plaintiff's illness.

3.	Plaintiff's allegation against Defendant Lumpkin, that she failed to ensure he received his stomach medication, also does not rise to the level of a constitutional violation. Plaintiff did not provide any testimony or evidence to support a finding that Lumpkin acted with deliberate indifference to his serious medical needs, and again, his description of her conduct supports a finding of no more than gross negligence.

4.	Plaintiff's remaining complaints against Defendants which were raised for the first time at the hearing (that Lumpkin failed to arrange transportation to a clinic and Stewart failed to adequately treat a tooth problem), were not previously raised in his Complaint or other pleadings, and therefore, are not properly before this Court.

5.	There is no need to submit factual issues to a jury when the evidence proffered permits but one reasonable conclusion as to a verdict.  Anderson, 477 U.S. at 252.  Since there are no genuine issues of material fact to submit to a jury, the Defendants are entitled to judgment as a matter of law dismissing this complaint.

5

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Complaint against Defendants Stewart and Lumpkin be DISMISSED with prejudice without further hearing.

IT IS SO RECOMMENDED this 7th day of April, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE